## HIRSCH v GREGORY

Ohio Appeals, 2nd Dist, Clark Co

No 307. Decided June 30, 1932

Frank C. Dunbar, Columbus, and Henry J. Linton, Columbus, for plaintiff in error.

J. B. Malone, Springfield, for defendant in error.

KUNKLE, J.

We have considered the record and briefs of counsel in this case with considerable

care and will merely announce the conclusion at which we have arrived after such consideration of the record and briefs, rather than attempt to discuss the testimony or authorities cited in detail.

As above stated, the general denial filed by defendant in error raised a direct issue. The suit of plaintiff in error is upon a general account and is not based upon a contract. No contract is plead.

Mr. Jacobs at the suggestion of Mr. Gregory did prepare various plans and specifications for a theater in Springfield and in Washington Court House.

The Midwest Engineering and Construction Corporation, of which the husband of plaintiff in error, was the president, took over the projects of Mr. Jacobs, including his accounts for services. This concern has been dissolved and has assigned its accounts to plaintiff in error who, as above stated, is the wife of the president of the dissolved corporation.

In brief, plaintiff in error claims that Mr. Jacobs was to receive one per cent, for preliminary work and an additional two per cent. or three per cent. for plans and specifications, or 5% for plans and specifications and supervision.

Defendant in error claims that the arrangement was that the theater projects in Springfield and Washington Court House should go forward when the defendant in error could secure available property for a building of the nature designed by Mr. Jacobs and also that Mr. Jacobs represented to defendant in error that he was not only able to design satisfactory theaters but that he had a construction company that was able to construct and finance such features. Defendant in error was unable to secure the necessary real estate.

These different contentions were presented to the jury. The jury under all the circumstances disclosed by the record were evidently of opinion that the version of the transaction given by Mr. Gregory was correct. There is evidence which warrants such finding upon the part of the jury.

Counsel for plaintiff in error seriously complain of the trial court in permitting testimony to the effect that $2200 was a fair value for the work performed by Mr. Jacobs. The witness Keller, on pages 66 and 67 of the record, without objection or exception, testified that a charge of $1500 for the work upon the new Springfield theater would be very unreasonable. He also testified that the specifications as prepared constitute what are known as closed specifications, that is, specifications that do not in reality permit competition among bidders,.

except to such as the architect may favor. Both this witness and the witness Eastman testified in detail as to the incomplete nature of the plans and specifications submitted in evidence. The witness Eastman, on pages 88 and 89 of the testimony, under the objection of counsel for plaintiff in error, was permitted to testify as follows:

"Q. From your examination of the various exhibits in this case—assuming that an architect had been paid $2200 for the work represented by these exhibits—what would your opinion be as to whether such amount was compensatory for the work done?

"A. I should say approximately, yes—fair compensation.

(No Cross Examination)."

Under the general denial, we think defendant in error was entitled to show the value of the services so performed.

Complaint is also made that the court in its charge did not instruct the jury correctly as to the issues. We have read the charge of the court and think the same fairly presents the issues set forth in the pleadings. No request for additional instructions appears from reading the record to have been made by counsel for either side.

We have considered all the grounds of error urged by counsel for plaintiff in error, but finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.